**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**

| | |
|---|---|
| **XIAOMEI CHEN,**<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>**LIN BING JUN, 789365.COM, 402013.COM,**<br>**402014.COM, 402015.COM, AND**<br>**VIP999365.COM,**<br><br>　　　　　　　　Defendants. | Case No. <u>1:18-cv-794</u> (TSE/TCB)<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

<u>**COMPLAINT**</u>

This is an action under the Anticybersquatting Consumer Protection Act ("ACPA") 15 U.S.C. § 1125(d) in which Plaintiff Xiaomei Chen ("Plaintiff") makes the following allegations against Defendants Lin Bing Jun ("LBJ"), and 789365.com, 402013.com, 402014.com, 402015.com, and vip999365.com (collectively, the "Domain Names").

<u>**PARTIES**</u>

1.　　　　Plaintiff is an individual and resident at No. 16, Building 9, Peichang Temple Street, Guancheng hau District, Zhengzhou City, China.

2.　　　　Upon information and belief, Defendant LBJ uses the name of Lin Bing Jun and gave the incomplete and fake contact information as hei long jiang, China, which appears to the name of one of the China's provinces.

3.　　　　The Subject Domains Names, the *res* of this *in rem* action, 789365.com, 402013.com, 402014.com, 402015.com, and vip999365.com and their registry, Verisign, Inc., are all located within this judicial district.　Verisign, Inc.'s primary place of business is 12061 Bluemont Way, Reston, VA 20190.

## JURISDICTION AND VENUE

4.      This Court has *in rem* jurisdiction over the subject Domain Names pursuant to the Anticybersquatting Consumer Protection Act (ACPA), 15 U.S.C. §1125(d) insofar as the registry for the Domain Names, VeriSign, Inc. is located within this judicial district at 12061 Bluemont Way, Reston, VA 20190.

5.      This Court also has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 as this action arises under the Anticybersquatting Consumer Protection Act (ACPA), 15 U.S.C. § 1125(d).

6.      Venue is proper in this judicial district pursuant to 15 U.S.C § 1125(d)(2)(C) as the subject registry, Verisign, Inc. is located within this judicial district at 12061 Bluemont Way, Reston, VA 20190.  Venue is further proper pursuant to 28 U.S.C. § 1391(b)(2) as the subjects of this action, the Domain Names reside in this judicial district.

7.      The Declaratory Judgment Act, 28 U.S.C. §2201, provides for a declaration of the rights of the Plaintiff in this matter.

## NOTICE

8.      Pursuant to 15 U.S.C. § 1125(d)(2)(A)(ii)(II)(aa), notice of the filing of this complaint and application for injunctive relief is being sent to the Defendant LBJ at the incomplete postal and email address as listed on ICANN to which there has previously been no response, as well as the current WHOIS address on the subject Domain Names which are GoDaddy.com, Transfer Dispute Support Staff, Corporate Headquarters, 14455 N. Hayden Rd., Ste. 226, Scottsdale, Arizona 85260, transferdisputes@godaddy.com, and PrivacyGuardian.org, 1928 E. Highland   Ave.   Ste   F104   PMB#   255,   Phoenix,   AZ   85016,   pw-9ff610a48fd63fe2f85dd9a3a157f146@privacyguardian.org.

9.      Plaintiff is providing notice contemporaneously with the filing of this complaint. Pursuant to 15 U.S.C. § 1125(d)(2)(A)(ii)(II)(bb), Plaintiff will promptly publish notice of this action as the court may direct after filing of this Complaint. A request to waive service pursuant to Rule 4(d) of the Federal Rules of Civil Procedure is being sent as well.

10.      Joinder of the subject Domain Names is proper under Fed. R. Civ. P. 20(a)(2) in that the claims set forth herein arise out of the same set of operative facts and questions of law common to all claims and Defendants.

## FACTUAL BACKGROUND

11.      Plaintiff is the rightful owner of the account (Customer No. 105723406 at GoDaddy.com) and owns the Domain Names and associated trademarks (the "Marks"). *See* Declaration of Xiaomei Chen ("Chen Decl.), at ¶ 4-6, attached hereto as Exhibit A.

12.      The Defendant Domain Names and Marks were used in commerce in conjunction with online services by Plaintiff as early as June 22, 2016. Chen Decl. at ¶ 5-6, 8. Plaintiff owned and used the domain names in commerce until the domain names were unlawfully taken without consent into Defendant LBJ's control around October 7, 2017. Chen Decl. at ¶ 6. The Domain Names have generated $6,000.00 in revenue and 325 visits on average each month since their first operations. *Id* at 8.

13.      The illegal transfer of the Defendant Domain Names occurred around October 7, 2017, by an unnamed individual identified as Lin Bing Jun using an email account of cxmgllyx@gmail.com. Chen Decl. at ¶ 6.

14.      The hacking was immediately reported by Plaintiff to GoDaddy.com, LLC ("GoDaddy"), which owns GoDaddy.com and NameSilo, LLC ("NameSilo") which owns Namesilo.com.

15.     The Defendant Domain Names were illegally transferred without Plaintiff's authorization. Chen Decl. at ¶ 6.

16.     It is believed the hacker hacked into Plaintiff' GoDaddy.com account and then transferred the Domain Names away from Plaintiff's accounts to his own. Chen Decl. at ¶ 7.

17.     The Domain Names are still under control of Defendant LBJ.  Chen Decl. at ¶ 9.

18.     Plaintiff has retained this law firm to retrieve the Defendant Domain Names and take legal action against those responsible for the illegal transfer.

## COUNT I
## CLAIM FOR DECLARATORY JUDGMENT

19.     Plaintiff repeats and realleges all previous statements made herein of this Complaint as if fully set forth herein.

20.     Plaintiff had a contract with GoDaddy for control over the Domain Name.

21.     Defendant LBJ's actions have taken control of the subject domain from Plaintiff.

22.     The Declaratory Judgment Act, 28 U.S.C. § 2201, provides for declaration of the rights of the Plaintiff in this matter.

## COUNT II
## ANTICYBERSQUATTING CONSUMER PROTECTION ACT, 15 U.S.C. § 1125(d)

23.     Plaintiff repeat and realleges all previous statements herein of this Complaint as if fully set forth herein.

24.     Plaintiff is the owner of the Marks, which are protected under 15 U.S.C. § 1125(a) and (d).

25.     Plaintiff owned and used the Domain Names and Marks in commerce since their registration until the Domain Names were unlawfully transferred without Plaintiff's consent to Defendant LBJ's control.

26.     The Domain Names are identical to and/or confusingly similar to the Marks owned by Plaintiff.

27.     Defendant LBJ has transferred and registered the Domain Names, trafficked in, and/or used Plaintiff's Marks and Domain Names and has done so with bad faith intent to profit from the Marks and Domain Names.

28.     Because of Defendant LBJ's actions, Plaintiff is being prevented from using and exercising control over the subject Domain Names and Marks.

29.     Plaintiff is being harmed by not having access to their Domain names or Marks.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment against the Defendants, as follows:

1.     Declaring that Plaintiff is the only entity with any rights to the contract controlling the subject Domain Names.

2.     Declaring Defendant LBJ does not have any rights to the subject Domain Names.

3.     ORDERING Verisign, NameSilo, and/or GoDaddy.com to return control of the Domain Names to Plaintiff's accounts as instructed by Plaintiff's counsel.

4.     Granting such other and further relief to Plaintiff as this Court deems just and proper.

DATED June 27, 2018.

Respectfully submitted,

By: */s/ Steven War*
Steven War (VSB # 45048)

**McNeely, Hare & War LLP**
5335 Wisconsin Ave, NW, Suite 440
Washington, DC 20015
Tel: (202) 536-5877
Fax: (202) 478-1813
steve@miplaw.com

By: */s/ Timothy T. Wang*
Timothy T. Wang
(*pro hac vice* motion will be filed)
Texas Bar No. 24067927
twang@nilawfirm.com
Stevenson Moore V
Texas Bar No. 24076573
smoore@nilawfirm.com

**Ni, Wang & Massand, PLLC**
8140 Walnut Hill Ln., Ste. 500
Dallas, TX 75231
Tel: (972) 331-4600
Fax: (972) 314-0900

**ATTORNEYS FOR PLAINTIFF
XAIOMEI CHEN**