UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| XIAOMEI CHEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 1:18-cv-00794 (TSE/TCB) |
| | ) |
| LING BING JUN, et al., | ) |
| | ) |
| Defendants. | ) |

REPORT AND RECOMMENDATION

This matter comes before the Court on Plaintiff's Motion for Entry of Default Judgment (Dkt. 9). After a representative for Defendants failed to respond to Plaintiff's Motion or to appear at the hearing on September 28, 2018, the undersigned U.S. Magistrate Judge took Plaintiff's Motion for Entry of Default Judgment under advisement.[1]

I. INTRODUCTION

A. Background

On June 27, 2018, Xiaomei Chen, ("Plaintiff") filed this lawsuit against Lin Bing Jun ("Jun"), and 789365.com, 402013.com, 402014.com, 402015.com, and vip999365.com (the "Domain Names") (collectively, "Defendants"). Plaintiff alleges that he is the rightful owner of the Domain Names and associated trademarks ("Marks"), (Compl. ¶ 11; Chen Decl. ¶¶ 4-6), and that Jun illegally transferred the Domain Names to his accounts without Plaintiff's authorization

---

1. The record before the Court includes the Complaint (Dkt. 1) ("Compl."); Declaration of Xiaomei Chen (Dkt. 1-1) ("Chen Decl."); Plaintiff's Motion for Service by Publication (Dkt. 4) ("Mot. Publ'n"); Declaration of Krystal McCool (Dkt. 4-1) ("McCool Decl."); Plaintiff's Motion for Entry of Default Judgment (Dkt. 9) ("Mot. Default J."), Plaintiff's Memorandum in Support of Plaintiff's Motion for Entry of Default Judgment (Dkt. 10) ("Mem. Supp."), and all attachments and exhibits submitted with those filings.

1

or permission (Compl. ¶¶ 13-17; Chen Decl. ¶¶ 6-7, 9). Plaintiff therefore sued Defendants alleging violations of the Anti-Cybersquatting Consumer Protection Act ("ACPA"), 15 U.S.C. § 1125(d). (Compl. ¶¶ 23-29.) Plaintiff now seeks default judgment against Jun for violations of ACPA,[2] and Plaintiff also seeks an order directing that the Domain Names be transferred to Plaintiff. (Mot. Default J. at 1-2.)

### B. Jurisdiction and Venue

A court must have both subject matter and personal jurisdiction over a defaulting party before it can render a default judgment. Plaintiff brings this cause of action pursuant to ACPA (15 U.S.C. § 1125(d)) and alleges that this court has federal question jurisdiction pursuant to 28 U.S.C. § 1331. (Compl. ¶ 5; Mem. Supp. at 3.)

Plaintiff alleges that this Court has <u>in rem</u> jurisdiction over the Domain Names, pursuant to 15 U.S.C. § 1125(d)(2)(A), as the registry for the Domain Names is Verisign, Inc., located at 12061 Bluemont Way, Reston, Virginia 20190, and the currently listed registrant, Jun, is a citizen and resident of China without sufficient contacts to confer personal jurisdiction in this court. (Compl. ¶¶ 2, 6; Mot. Publ'n at 1; Mem. Supp. at 3.) Plaintiff alleges that venue is proper in this District pursuant to 15 U.S.C. § 1125(d)(2)(C), because the registry for the Domain Names, Verisign, Inc., is located in this district. (Compl. ¶ 6.) Given the uncontested allegations that the registry for the Domain names is located in this District, and that the registrant, Jun, is not subject to personal jurisdiction in this court, the undersigned finds that the Court has subject matter jurisdiction over this action, the Court has <u>in rem</u> jurisdiction over the Domain Names, and that venue is proper in this Court.

---

2. Plaintiff does not seek default judgment against Defendants for the Declaratory Judgment claim alleged in the Complaint. (Mot. Default J. at 2.)

## C. Service of Process

Rule 4(n)(1) provides that the court may assert service over property if authorized by a federal statute, and notice to claimants of the property must be given as provided in the statute or by serving a summons under this rule. A plaintiff filing an in rem action under ACPA must provide notice via service of process of the action to the registrant of the allegedly infringing domain name. 15 U.S.C. § 1125(d)(2)(A)-(B). When a plaintiff is not able to obtain in personam jurisdiction over a person who would have been a defendant in an ACPA action, then service of process is sufficient if the plaintiff sends notice of the alleged violation and intent to bring the action to the registrant of the domain name at the postal and email addresses to the domain name registrar and publishes notice of the action as a court may direct after filing the action. Id. § 1125(d)(2)(A)(ii), (B). Under 15 U.S.C. § 1125(d)(2)(A)(ii)(II)(bb), if the court finds that the owner through due diligence was not able to find a person who would have been a defendant for violating any right of the owner of a mark protected under subsections (a) or (c), a plaintiff may publish a notice of the action as directed by the court.

On July 11, 2018, Plaintiff attempted postal service on Defendant Jun using the postal information provided in the registration of the Defendant Domain Names, but could not complete service as the address provided was not in fact an actual postal address. (McCool Decl. ¶ 3.) Also on July 11, 2018, Plaintiff forwarded a copy of the Complaint to Defendant Jun at the e-mail address provided by ICANN, GoDaddy.com, and NameSilo.com. (Id. ¶ 4, Ex. A-1.) On July 23, 2018, Plaintiff moved for notice by publication, alleging that Jun was not subject to personal jurisdiction anywhere in the United States for their in rem action. (Mot. Publ'n at 1.) On July 24, 2018, the Court granted plaintiff's motion for publication and directed plaintiff to publish a notice in the Richmond Times-Dispatch (Dkt. 5). On July 28, 2018, Plaintiff published a notice in the

Richmond Times-Dispatch (Dkt. 6). Based on the foregoing, the undersigned finds that service of process has been accomplished as set forth in 15 U.S.C. § 1125(d)(2)(A)(ii).

### D. Grounds for Default Judgment

To date, no party with an interest in the Domain Names has appeared or otherwise participated in these proceedings. On July 28, 2018, The Richmond Times-Dispatch published a notice of this action, which informed parties with an interest in the Domain Names of the need to respond in this case within twenty-one (21) days (Dkt. 6-2).[3] No party responded on behalf of Defendants by August 18, 2018. As a result, on August 22, 2018, Plaintiff filed a Request for Entry of Default (Dkt. 7), seeking an entry of default for Defendants, and the Clerk of the Court issued the Entry Default (Dkt. 8) on the same day. Plaintiff filed his Motion for Entry of Default Judgment (Dkt. 11) on August 31, 2018. The undersigned U.S. Magistrate Judge then held a hearing on Plaintiff's Motion for Entry of Default Judgment on September 28, 2018, at which no representative for Defendants appeared. Finding the matter uncontested, the undersigned took the matter under advisement to issue this Report and Recommendation.

## II. FINDINGS OF FACT

Upon a full review of the pleadings and the record in this case, the undersigned finds that Plaintiff has established the following facts.

Plaintiff Xiaomei Chen is an individual from Zhengzhou City, China. (Compl. ¶ 1.) Plaintiff owns the five (5) Domain Names in question via a GoDaddy.com account (Customer No. 105723406). (Compl. ¶ 11; Chen Decl. ¶¶ 4-5, Ex. B-1.) The registry for the Domain Names is VeriSign, Inc., which operates in Reston, Virginia. (Compl. ¶¶ 4, 6.) Plaintiff owned and used Defendant Domain Names in commerce beginning as early as June 22, 2016 until October 7, 2017

---

3. The exact language in the Notice stated that any response was needed "within twenty (21) days." The undersigned interprets the Notice as providing interested parties with twenty-one (21) days to respond.

when Defendant Jun unlawfully took them. (Compl. ¶¶ 11-12, 24-25; Chen Decl. ¶¶ 4-8.) Defendant Domain Names generated $6,000.00 in revenue and 325 visits on average each month since their first operations. (Compl. ¶ 12; Chen Decl. ¶ 8.)

On or about October 7, 2017, an unnamed individual identified as Lin Bing Jun using an email account of cxmgllyx@gmail.com illegally transferred Defendant Domain Names to his GoDaddy.com and NameSilo accounts. (Compl. ¶¶ 13-14; Chen Decl. ¶¶ 6-7, Ex. A-1; Mem. Supp. at 2, 5.) Defendant Jun transferred the Domain Names to his own accounts without Plaintiff's permission or authorization. (Compl. ¶¶ 15-16, 25; Chen Decl. ¶ 6-7.) Defendant Jun likely carried out the transfer of Domain Names by hacking Plaintiff's GoDaddy.com account. (Compl. ¶ 16; Chen Decl. ¶ 7.) Plaintiff immediately reported the hacking to GoDaddy.com, LLC. (Compl. ¶ 14; Chen Decl. ¶ 7.) As a result of the hack, Plaintiff lost control of his GoDaddy.com account and has not yet regained access. (Compl. ¶ 28; Chen Decl. ¶ 9.) Defendant Jun retains control over the Domain Names. (Compl. ¶ 17; Chen Decl. ¶ 9.)

### III. EVALUATION OF PLAINTIFF'S COMPLAINT

When a defendant has defaulted, the well-pleaded allegations of facts set forth in the plaintiff's complaint are deemed admitted. JTH Tax, Inc. v. Grabert, 8 F. Supp. 3d 731, 736 (E.D. Va. 2014) (citing Ryan v. Homecomings Fin. Network, 253 F.3d 778, 780 (4th Cir. 2001)). Before entering default judgment, however, the Court must evaluate the plaintiff's complaint against the standards of Federal Rule of Civil Procedure 12(b)(6) to ensure that the complaint properly states a claim. GlobalSantaFe Corp. v. Globalsantafe.com, 250 F. Supp. 2d 610, 612 n.3 (E.D. Va. 2003). As such, it is appropriate to evaluate Plaintiff's ACPA claim against the standards of Federal Rule of Civil Procedure 12(b)(6).

### A. Legal Standard

ACPA allows the owner of a mark to file an in rem action against a domain name if the domain name violates the owner's trademark rights, and if the owner of the mark satisfies certain procedural provisions. See 15 U.S.C. § 1125(d)(2)(A). The procedural provisions include establishing that the court lacks in personam jurisdiction over the defendants, or that the plaintiff has been unable to locate the defendants through due diligence. Id. § 1125(d)(2)(A)(ii). In an in rem action, the remedies are limited to forfeiture, cancellation, or transfer of the infringing domain name to the owner of the mark. Id. § 1125(d)(2)(D).

Thus, to be entitled to in rem relief, the owner of a mark must prove a violation of "any right of the owner of a mark" either registered in the Patent and Trademark Office or protected under subsections 1125(a) or (c). Id. § 1125(d)(2)(A). The phrase "any right of the owner of a mark" encompasses rights against cybersquatting provided for under Section 1125(d)(1). See Harrods Ltd. v. Sixty Internet Domain Names, 302 F.3d 214, 228, 232 (4th Cir. 2002). Therefore, the owner of a mark can be entitled to in rem relief upon proving a violation of Section 1125(d)(1).

Plaintiff seeks relief for a violation of Section 1125(d)(1). Section 1125(d)(1) creates civil liability for registering, trafficking in, or using a domain name that is "identical or confusingly similar" to a plaintiff's mark, with a bad faith intent to profit from that mark. 15 U.S.C. § 1125(d)(1)(A). Thus, to establish such an ACPA violation, a plaintiff must prove: (1) the plaintiff's ownership of a valid and protectable mark; (2) the registrant's use of a domain name that is "identical or confusingly similar" to the plaintiff's mark; and (3) the registrant's bad faith intent to profit from the mark. See id.

#### *1. Plaintiff Possesses a Valid and Protectable Mark*

The undersigned finds that Plaintiff has sufficiently demonstrated protectable rights in the

Domain Names. ACPA protects both registered marks as well as unregistered common law marks. See 15 U.S.C. § 1125(a), (d)(2)(A)(i); B & J Enters., Ltd. v. Giordano, 329 F. App'x 411, 416 (4th Cir. 2009). Plaintiff contends that he owns the exclusive rights to the Defendant Domain Names and their associated Marks, which are in full force and effect, and are distinctive marks pursuant to 15 U.S.C § 1125. (Compl. ¶¶ 11, 24; Chen Decl. ¶¶ 4-6.) Plaintiff acquired the Defendant Domain Names on June 22, 2016, and has maintained registration of the Domain Names and used the Domain Names in commerce since the acquisition. (Compl. ¶¶ 12, 25; Chen Decl. ¶¶ 5-6.) Plaintiff has consequently obtained common law rights in the Marks. Therefore, Plaintiff is entitled to enforce the provisions of Section 1125(d) against any domain name that violates its rights in the protected Marks.

### 2. Registrant Uses an Identical Domain Name

The undersigned finds that Plaintiff has sufficiently demonstrated that Defendant Domain Names are identical to the ones in which Plaintiff possesses common law rights. Defendant Jun unlawfully hacked and gained unauthorized access to Plaintiff's GoDaddy.com account, thereby allowing Defendant Jun to transfer control of the Domain names away from Plaintiff. (Compl. ¶¶ 13-17; Chen Decl. ¶¶ 6-7, 9; Mem. Supp. at 4-5.) Therefore, Plaintiff has alleged sufficient facts to satisfy this requirement of ACPA.

### 3. Registrant Has Acted with a Bad Faith Intent

Finally, the undersigned finds that Plaintiff has demonstrated Defendant Jun's bad faith intent to profit from Plaintiff's common law mark. Under ACPA, bad faith intent may be shown by weighing nine factors. See 15 U.S.C. § 1125(d)(1)(B)(i). The factors are given to courts as a guide and need not be exhaustively considered in every case. Lamparello v. Falwell, 420 F.3d 309, 319-20 (4th Cir. 2005). In pertinent part, the factors relevant to a finding of bad faith include: a

defendant's lack of intellectual property rights in the domain name; a defendant's prior use, if any, of the domain name in connection with the bona fide offering of any goods or services; a defendant's bona fide noncommercial or fair use of the mark in a site accessible under the domain name; a defendant's intent to divert consumers from the mark owner's website in such a way that could harm the goodwill of the mark; and a defendant's provision of false contact information when applying for registration of the domain name, or the defendant's intentional failure to maintain accurate contact information. 15 U.S.C. §§ 1125(d)(1)(B)(i)(I), (III)-(V), (VII).

Based on these factors, the undersigned finds that Defendants have acted with bad faith intent to profit from Plaintiff's mark in violation of ACPA. First, Jun has no intellectual property rights in the Domain Names, as the Domain Names were used solely by Plaintiff since June 22, 2016 until the date its control was transferred to Jun. (Compl. ¶¶ 11-12, 24-25; Chen Decl. ¶¶ 4-8.) Second, Jun has no prior use of the Domain Names, as Plaintiff was the sole user until Jun illegally gained control over the Domain Names. (Id.) Third, Jun took control of the Domain Names and the substantial advertising revenue associated therewith and is thereby diverting consumers away from Plaintiff's online services. (Compl. ¶¶ 12, 27; Mem. Supp. at 6.) Fourth, Jun has no bona fide noncommercial or fair use of the Marks in a site accessible under the Domain Names, as the Domain Names are not currently being used. (Mem. Supp. at 6.) Finally, Doe altered the information in the domain name registration record for the Domain Names to supply contact information that was not Plaintiff's and also inaccurate. (Compl. ¶¶ 2, 13-16; Chen Decl., Ex. A-1; McCool Decl. ¶ 3; Mem. Supp. at 6.) The factors as applied to the aforementioned facts demonstrate Jun's bad faith intent to profit from Plaintiff's protected Marks.

### B. Conclusion

Because the remaining procedural provisions of 15 U.S.C. § 1125(d) have been satisfied,

the Court may order the forfeiture or cancellation of the Domain Names or the transfer of the Domain Names to Plaintiff. See 15 U.S.C. § 1125(d)(1)(C), (2)(D)(i).

## IV. REQUESTED RELIEF

Plaintiff seeks an injunction under 15 U.S.C. § 1125(d) ordering that the domain name registry Verisign, Inc. transfer ownership of the Domain Names <789365.com>, <402013.com>, <402014.com>, <402015.com>, and <vip999365.com> to Plaintiff.

## V. RECOMMENDATION

For the reasons outlined above, the undersigned U.S. Magistrate Judge recommends that default judgment be entered in favor of Plaintiff with respect to the Domain Names for violations of the Anti-Cybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d). The undersigned also recommends that Verisign, Inc., be required to transfer ownership of the Domain Names to Plaintiff pursuant to 15 U.S.C. § 1125(d)(1)(C). To that end, the undersigned recommends that the U.S. District Judge enter an order containing language similar to the language requested by Plaintiff in its Motion for Entry of Default Judgment (Dkt. 9). The undersigned further recommends that Plaintiff's other claim asserted in the Complaint (Dkt. 1) be dismissed without prejudice.

## VI. NOTICE

The parties are advised that objections to this Report and Recommendation, pursuant to 28 U.S.C. § 636 and Rule 72(b) of the Federal Rules of Civil Procedure, must be filed within fourteen (14) days of its service. Failure to object to this Report and Recommendation waives appellate review of any judgment based on it.

The Clerk is directed to email a copy of this Report and Recommendation to the following email address of record associated with Defendants:

cxmgllyx@gmail.com

/s/
Theresa Carroll Buchanan
United States Magistrate Judge

THERESA CARROLL BUCHANAN
UNITED STATES MAGISTRATE JUDGE

October 31, 2018
Alexandria, Virginia

10